## HARRIET E. FOSTER, *et al.*, v. OSCAR VOIGTLANDER.

1. TRIAL BY REFEREE; *Report, Affirmed; Question in Supreme Court.* Where the issues of an action were referred, and a trial had, and report made by a referee to whose rulings and report no exceptions were taken; and where the court refuses to set aside the report, but affirms the same over the objection of the failing party; and a proceeding in error is brought in the supreme court, the record of which embraces none of the testimony or proceedings taken before the referee, but only the pleadings, findings and judgment — the only question concerning the action and report of the referee that can be considered and decided is, whether the findings are within the issues, and will support the judgment that was rendered.

2. ———— *Defective Findings; Practice.* Where the findings of the referee are defective in not stating the facts fully and explicitly, the party complaining thereof should apply for further and more specific findings.

3. ———— *Findings, Taken as True.* In the absence of the testimony' a reviewing court must take the findings of a referee as true, and can. not say that other findings would have been justifiable.

4. ———— *No Finding; Presumption.* Findings of fact can only be made on proof; and where a referee fails to find that a partnership had any property, debts, or credits, we must presume, in the absence of the testimony or any admissions in the pleadings, that it had none.

5. ———— *Findings Support Judgment.* The findings examined, and held to be sufficient to support the judgment that was rendered thereon.

*Error from Ellsworth District Court.*

OSCAR VOIGTLANDER brought an action against *Harriet E. Foster* and six others, to settle the affairs of a partnership. He alleged that in May, 1882, he entered into a partnership with the Fosters to buy and sell wheat and grain, and to receive the same on deposit, and also to manufacture flour and feed and to sell the same.   He averred that he furnished one half the capital, and the other half was contributed by the Fosters, whose interests were managed and attended to by J. H. Foster. He alleged that the defendants received grain on deposit and sold the same, using the proceeds solely for their own benefit; that hogs belonging to the firm were sold and the proceeds used for their own benefit; that large quantities of wheat were purchased with funds of the firm by the defendants, and the proceeds applied to their own benefit; that funds belonging to the firm were withdrawn, and moneys collected upon debts due the firm by the defendants and applied to their own use and benefit.   The plaintiff further alleged that there were no written articles of partnership, and that although the partnership has been terminated, no settlement of the firm business has been made, and that defendants refuse to make a settlement.   He asked that an account of the partnership affairs might be taken, that on a final hearing the defendants be compelled to furnish a full and complete statement of their doings in the premises, and that upon a final hearing they be adjudged to pay to the plaintiff the sum of $3,357.75.   The defendants filed a joint answer, which is, first, a general denial; and second, that the plaintiff is indebted for one-half of the wages of J. H. Foster for work and labor performed in and about the general management of the partnership from May 1, 1882, to October, 1883, which is stated to be $900; and they asked judgment for $900, with costs of suit against the plaintiff. By agreement of the parties, the court ordered "that a reference be made of all of the accounts, doings and transactions of said firm of Foster & Co. from its formation, and that upon such reference a separate report of the findings be made,

showing how much may have been invested, withdrawn, made, lost, or divided among the parties to the suit; and also what sums, if any, are due from any of the defendants to the said plaintiff." A trial was had before the referee, who thereafter made and filed his written report, which is as follows, (caption omitted:)

"1. The defendant J. H. Foster was agent, and had the management and control of the interests of the other defendants, and he had himself an interest in the copartnership of Foster & Co.

"2. The plaintiff had a one-half interest in the partnership business and profits, and the defendants had the other one-half interest therein.

"3. The plaintiff drew out of the partnership the sum of $1,705.70 in excess of what he put in.

"4. The defendants drew out of the partnership $1,722.60 in excess of what they put in.

"5. During the copartnership the defendants sold and applied to their own use, deposit rye of the firm to the value of $148, and never accounted to the firm for the same.

"6. During the copartnership the defendants sold and applied to their own use, wheat of the firm to the value of $3,036.90, and never accounted to the firm for the same.

"7. During the copartnership the defendants collected and applied to their own use, of the moneys of the plaintiff, the sum of $21, without in any manner giving plaintiff credit for the same.

"8. During the copartnership the defendants withdrew from the funds of the firm the sum of $109.24, without in any manner accounting to the firm therefor.

"Upon the above findings of fact and the evidence, I have decided that the plaintiff is entitled to recover against the defendants the sum of $1,666.04; and I do therefore find for plaintiff the sum of $1,666.04, for which he is entitled to judgment against the defendants."

At the April Term, 1885, the defendants moved the court to set aside the report of the referee, and to grant a rehearing upon the facts, upon the ground that he did not find definitely and fully upon all the issues of fact in the case, which motion was overruled. The court approved the report, and rendered judgment in favor of the plaintiff for the sum of $1,666.04

against all of the defendants; which rulings and judgment the defendants bring here for review.

*Carter & Brooks*, for plaintiffs in error.
*Lloyd & Evans*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiffs in error are asking a reversal of the rulings of the district court affirming the report of the referee and rendering judgment thereon. The record includes the pleadings, report and judgment entries, but does not embrace any of the testimony, or any of the proceedings which were had before the referee. The report of the referee was made and duly served on the plaintiffs in error on April 9, 1885, and was not filed in the court until April 13, 1885, but no exceptions were taken or made to the report, or to any of the proceedings before the referee. They complain that the report is not as definite and complete as it should have been, in failing to state the existence, terms and conclusion of the partnership, and because it did not contain a detailed account of the assets and indebtedness of the firm, the amount invested by each partner in the business, and the amount drawn out by each, as well as the liability of each for the amount awarded in favor of the defendant in error. The plaintiffs in error are hardly in a position to complain. Aside from the fact that no exceptions were taken to the action of the referee, they did not request him to find more fully or specifically, although they had four days' notice before the filing of the report, of what findings it contained, nor did they ask the court after the report was filed to refer the same for an additional or more complete statement of facts. Having brought none of the testimony or proceedings taken or had before the referee, we are unable to say what further findings the referee could or should have made. In regard to the partnership, there was no verified denial of its alleged existence, and hence it was not in issue; and the plaintiffs in

2. Defective findings; practice.

3. Findings, taken as true.

error in their answer ask for an adjustment of a partnership matter and for a judgment against the plaintiff below, and thus they recognized the existence of the partnership, and treated it as having been terminated. But the referee does find that a partnership existed, and the language employed in the findings clearly imports that the partnership had been concluded. The report is perhaps not as full regarding the business done during the existence of the firm and in relation to the respective interests and liabilities of the members as is desirable or usual in such cases, but we think it is

5. Findings support judgment. sufficient to support the judgment that was rendered. It sets forth the interest of the plaintiff in the firm, as well as the interest held by the defendants. It is stated that Voigtlander had the one-half interest in the business and profits of the firm, and the Fosters together held the other half. Instead of stating the amounts which each put in and took out of the business, the referee gives the amount which each drew out in excess of 'what he put in, and he then proceeds and gives the amount and value of the rye, wheat and money which had been appropriated by the plaintiffs in error without in any manner accounting to the firm for the same. Upon the record before us, we think this must be held as sufficient. The testimony may have been presented in such a manner as to make it impossible and unnecessary for the referee to find just what was paid in and taken out by each. The parties may have agreed among themselves, during the hearing, and stated to the referee the amount which each party drew out in excess of the capital which he had invested; and hence there would be neither basis nor necessity for a more detailed statement. So, too, must the objection fail, that the referee did not state what property, debts and credits the firm had. Findings can only be made on proof, and as the referee failed to find that the

4. No finding; presumption. firm then had any property, debts, or credits, we must presume that according to the testimony there were none. The objection, that the referee did not state what proportion each of the plaintiffs in error should pay of

the sum awarded the defendant in error, comes with little force. It was alleged and found that they put in one-half of the capital, and their interest was managed wholly by one of their number. Instead of setting up their respective interests, they answered jointly, and asked for a recovery of the balance alleged to be due from Voigtlander. They did not ask for a determination of the rights and liabilities of each, on account of the partnership business. On this question they raised no issue, and presumably offered no proof. They seemed only to seek a settlement of the accounts, as between themselves on the one part and Voigtlander on the other; and from the report of the referee this appears to have been accomplished. The judgment given will not preclude an adjustment among themselves, if it is desired or necessary; but the fact that they did not request other and more explicit findings, as they might have done, only argues that they may purposely have limited the inquiry to what was owing from them to Voigtlander, or from him to them, on account of the partnership business. Without the evidence, or any exceptions, the only question to be considered is, whether the findings support the judgment rendered; and this we determine in the affirmative. The questions principally argued are not fairly raised upon the record.

1. Trial by referee; report, affirmed; question in supreme court.

The defects complained of are such as might have been made the subject of an application for further and more specific findings, but the plaintiffs in error chose not to avail themselves of the remedy. The parties were at liberty to narrow the issues during the trial, and by agreement take controverted questions out of dispute; and this they may have done. All of the evidence and proceedings were before the court when it overruled the motion to set aside the report; and without these we cannot say that the ruling made was erroneous. We will therefore affirm the judgment.

All the Justices concurring.